Tiie court,
(Waties, Bat, Brevard, and Wilds, Justices,)
were of opinion that the verdict ought not to be set aside : 1st, Because, if the objection to its being a finding of several damages, against defendants jointly charged, and found jointly guilty, could be supported, yet the apportionment of the damages might be rejected as surplusage, and the finding of a gross sum by the verdict, which is afterwards apportioned, might be considered as joint damages. 2d, Because the jury, upon such joint charge, may find the defendants jointly guilty, and yet apportion the damages according to their different degrees of guilt. This appears to have been the practice in this country for a long time past; and it has not been found, upon experience, productive of any mischief or inconven, ience; nor is it contrary to any principle of law. The case of Hill and another v. Goodchild, in 5 Bur. 2790, was decided upon full *505 ¡argument and consideration, but yet no principle of law is stated as the ground of the decision, nor any strong reason for it, except that it was warranted by former determinations. The court seemed to think, that because the trespass was joint, the damages mus! of necessity be joint also ; admitting, that if the defendants had been charged jointly and severally, they might have been found severally guilty, and the damages apportioned ; and also admitting, that there was a great confusion in the cases upon the subject. The practice and rule of law in England upon this point, does not seem so well adapted to answer the real justice of such cases wherein the point occurs, as the practice of our couris, which has established a different rule of law, by which the jury are authorized to assess damages according to the different degrees of guilt ;• although the trespass should appear to be joint, where the dele-idants are jointly charged, yet they may plead severally; for no man can be compelled 10 combine his defence with others: and if th. y [dead Severally, the jury may, according to the English authorities, .-ever the damages. 2 Str. 1140. But a joint plea may be considered as several, as well as joint, in order to the attainment of justice.
Motion refused.
Note. Co. Litt. 232. A. When divers do a trespass, the same is joint,- or several, at the will of him to whom the wrong is done See the 5th Ref. in Sir John Hey don’s case. 11 Co. 5. See 5 Johns. 278. Jackson v. Haines. Ejectment against five defendants, who pleaded jointly. The verdict found each defendant severally guilty as to the pait of the premises in Ins separate possession, and not guilty as to the rest, adjudged plaintiff was ¡«titled to judgment against . J1 the defendants severally, according to tlie verdict. See Cro. C. 54, 50, 11 C. 5. 2 Str. 1149. 2 Johns. 438. See Cro. Jac. 118, Crane and Hill v. Humberston. Trespass. Defendants severed in pleading. The jury found several verdicts. 1 he court was of opinion there ought to he hit one judgment. (In Error.) See 1 Hen. and Munf 488. Ammonet v. Harris and Turpin Joint action of assault against several defendants. Two of them appeared, and pleaded not guilty. Verdict guilty, and joint damages assessed.' Released. And afterwards, judgment against the other defendants was not permitted. It is said judgment must be against one pro metioribus dumnis, or against all jointly. But it is left doubtful if the jury had apportioned »n several pleas.